**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-69

UNITED STATES TAX COURT

BOAKE L. TERRY AND KELLIE R. TERRY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30923-09S.                          Filed August 26, 2013.

Kellie R. Terry, pro se.

<u>Ray M. Camp, Jr.</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>: This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in effect when the

---

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, in effect for the years in issue. Rule references are to

(continued...)

petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency (notice) dated September 23, 2009, respondent determined deficiencies in petitioners' Federal income tax, an addition to tax, and accuracy-related penalties as follows:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|------|-----------|--------------------------------|----------------------|
| 2006 | $25,784 | $377 | $5,156 |
| 2007 | 5,539 | --- | 1,107 |

The issues for decision are: (1) whether petitioners are entitled to deductions claimed on Schedules A, Itemized Deductions, included with their 2006 and 2007 Federal income tax returns; (2) whether for either year in issue petitioners are entitled to deduct a loss from a rental real estate activity (the resolution of this issue for each year depends upon whether Kellie R. Terry (petitioner) is an individual described in section 469(c)(7) with respect to the activity); (3) whether petitioners are entitled to a domestic production activities deduction for 2006; (4) whether a 2005 State income tax refund petitioners

---

[1](...continued)
the Tax Court Rules of Practice and Procedure.

received in 2006 is includable in their 2006 income; (5) whether petitioners understated their 2007 capital gain income; (6) whether petitioners' 2006 Federal income tax return was timely filed; and (7) whether petitioners are liable for the section 6662(a) accuracy-related penalty for either of the years in issue.

Background

Some of the facts have been stipulated and are so found. Petitioners are, and were at all times relevant, married to each other. They resided in California at the time the petition was filed.

In 2004 petitioners purchased a condominium in Santa Clarita, California, that was held for rent at all times relevant here (rental property). Because of various problems with tenants, the rental property was not rented for large portions of each year in issue.

As between petitioners, petitioner was responsible for managing the rental property. She paid various expenses relating to the property, collected rent, made minor repairs, did some maintenance, decorated, attended homeowners association meetings, met with potential tenants, and met with repair persons for various services. Petitioners paid others to have the rental property cleaned, and they employed a lawn care service to maintain the rental property's yard. Petitioner did not maintain a contemporaneous written record showing the time that she spent

providing services in connection with the rental property during either year in issue.

At all times relevant Mr. Terry was employed by Wal-Mart Stores, Inc. (Walmart). As of January 2006 he was the manager of Walmart's store in Simi Valley, California (Simi Valley Walmart); early in 2006 he was assigned to oversee the renovation of a Walmart store in Lancaster, California (Lancaster Walmart), which assignment lasted until late 2007. The Lancaster Walmart is approximately 77 miles from petitioners' then residence in Moorpark, California. Except for an occasional overnight spent closer to the Lancaster Walmart, Mr. Terry commuted daily by car between his residence and the Lancaster Walmart. By the close of 2007 Mr. Terry resumed his duties as the manager of the Simi Valley Walmart.

During the course of Mr. Terry's employment he acquired shares of Walmart stock through Walmart's "Associate Stock Purchase Plan". On December 12, 2007, he sold 42.755 shares of Walmart stock for $2,065 (Walmart stock sale). Taking into account his cost basis in those shares, he realized a $63 gain from the Walmart stock sale.

During 2006 petitioners received a $2,891 State income tax refund.

Petitioners' 2006 Federal income tax return, which petitioner prepared, was received and filed by respondent on June 15, 2007; their 2007 Federal income tax return, which petitioner also prepared, was filed March 10, 2008.

As relevant here, each return includes: (1) a Schedule A and (2) a Schedule E, Supplemental Income and Loss, showing rental income and expenses attributable to the rental property. Petitioners' 2006 return shows a $2,647 deduction for "domestic production activities". The income reported on petitioners' 2006 return does not include: (1) the $2,891 refund of State income tax or (2) any amount attributable to the Walmart stock sale.

More specifically, petitioners' returns for the years in issue show:

|                        | 2006      | 2007      |
|------------------------|-----------|-----------|
| Total income           | $196,451  | $127,453  |
| Rental loss            | (70,657)  | (52,065)  |
| Adjusted gross income  | 123,147   | 83,414    |
| Itemized deductions    | 101,792   | 136,952   |
| Taxable income         | 4,855     | -0-       |
| Income tax liability   | 255       | -0-       |

Among other things and as relevant here, the itemized deductions include the following:

| Expense | 2006 | 2007 |
|---|---|---|
| Medical and dental | $27,750 | $22,259 |
| Employee business | 19,927 | 33,168 |
| "Other" | 4,118 | 10,490 |

The details of the unreimbursed employee business expense deduction for 2006 are shown on a Form 2106-EZ, Unreimbursed Employee Business Expenses, for Mr. Terry as follows:

| Expense | Amount |
|---|---|
| Vehicle | $11,136 |
| Travel | 6,746 |
| Business | 1,200 |
| Meals and entertainment | [1]845 |
| Total | 19,927 |

[1]After application of sec. 274(n).

Petitioners' 2007 Federal income tax return does not include a Form 2106-EZ.

The deduction for other expenses for 2006 includes:

| Expense | Amount |
|---|---|
| INV COUNSEL AND ADV | $350 |
| ATTR AND ACCT FEES | 3,644 |
| SAFE DEPOSIT BOX | 124 |
| Total | 4,118 |

The deduction for "other expenses" claimed on the Schedule A included with petitioners' 2007 Federal income return has not been explained.

In the notice, respondent: (1) disallowed the deductions for medical and dental expenses, unreimbursed employee business expenses, and other expenses[2] claimed on the Schedules A; (2) disallowed the rental loss deduction for 2006 and disallowed $46,068 of the $52,065 rental loss deduction for 2007;[3] (3) disallowed the $2,647 domestic production activities deduction for 2006; (4) determined that petitioners failed to include a $2,891 State income tax refund in their 2006 gross income; (5) determined that petitioners failed to include a $2,065 capital gain from the sale of stock in their 2007 gross income; (6) imposed a section 6651(a)(1) addition to tax for 2006; and (7) imposed a section 6662(a) accuracy-related penalty for each year in issue.

## Discussion

## I. Deductions

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish

---

[2]It appears that for 2006 respondent's disallowance of petitioners' deduction for "other expenses" exceeds the deduction claimed by $350. The parties have ignored this apparent anomaly, and we do likewise.

[3]See sec. 469(i), which allows a limited deduction for a loss attributable to a rental real estate activity.

entitlement to any claimed deduction.[4]  Rule 142(a); INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

U.S. 435, 440 (1934).  This burden requires the taxpayer to substantiate

deductions claimed by keeping and producing adequate records that enable the

Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001;

Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d

821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

A taxpayer claiming a deduction on a Federal income tax return must demonstrate

that the deduction is allowable pursuant to some statutory provision and must

further substantiate that the expense to which the deduction relates has been paid

or incurred.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec.

1.6001-1(a), Income Tax Regs.

Deductions for expenses attributable to travel, entertainment, gifts, and the

usage of "listed property" (including passenger automobiles), if otherwise

allowable, are subject to section 274(d).  See Sanford v. Commissioner, 50 T.C.

823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a),

Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  With respect

---

[4]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

to deductions for these types of expenses, section 274(d) requires that the taxpayer substantiate either by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) in the case of an entertainment or gift expense, the business relationship to the taxpayer of each expense incurred. For "listed property" expenses, the taxpayer must establish the amount of business use and the amount of total use for such property. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Set against these fundamental principles of Federal income taxation, we consider petitioners' claims to the various deductions here in dispute.

A.  Medical and Dental Expenses

In general, section 213(a) allows a deduction for expenses paid during the taxable year for medical care that:  (1) exceed 7.5% of adjusted gross income and (2) are not compensated for by insurance or otherwise.

Petitioners claimed medical and dental expense deductions of $27,750 and $22,259 for 2006 and 2007, respectively.  Petitioners have established that they paid medical and dental expenses during 2006 and 2007; however, the evidence on the point, which consists of petitioner's testimony[5] and some medical bills, hardly supports deductions for the amounts claimed.  After careful review of the evidence, we find that petitioners paid medical expenses of $13,700 and $3,500 for 2006 and 2007, respectively, and their allowable medical and dental expense deduction for each year in issue is to be computed accordingly.

---

[5]Mr. Terry did not appear at trial or sign the stipulation of facts admitted into evidence.  This case will be dismissed for lack of prosecution as to him.  The decision entered with respect to him, however, will reflect the resolution of the issues as determined in this Summary Opinion.

B.  Unreimbursed Employee Business Expenses

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business.  See sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  Generally, the performance of services as an employee constitutes a trade or business.  See Primuth v. Commissioner, 54 T.C. 374, 377 (1970).  Travel expenses, including expenses for meals and lodging, are deductible only if incurred while the taxpayer is traveling away from home on business.  See secs. 162(a)(2), 262.  The reference to "home" in section 162 relates to the taxpayer's tax home and not necessarily to the place of the taxpayer's residence.  Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968).

For 2006 petitioners claim an unreimbursed employee business expense deduction for expenses Mr. Terry incurred for transportation, meals, and lodging relating to his assignment at the Lancaster Walmart.  The transportation expenses relate primarily to the cost of driving between his residence and Lancaster.  For 2007 petitioners claim an unreimbursed employee business expense deduction presumably for the same type of expenses; as noted, petitioners did not attach a Form 2106-EZ to their 2007 Federal income tax return and did not otherwise identify the unreimbursed employee business expenses on their 2007 return.

Petitioners' evidence in support of their claim to the deductions for unreimbursed employee business expenses consists of: (1) petitioner's testimony (as noted, Mr. Terry did not appear at trial) and (2) photocopies of documents described as Mr. Terry's "mileage logs" that were offered in support of the vehicle expense he claimed in commuting between his residence and the Lancaster Walmart. Neither petitioner's testimony nor those logs, which merely show a date and a number for "mileage", satisfy the strict substantiation requirements imposed by section 274(d) for such expenses.

Furthermore, as a general rule, expenses for traveling between one's home and one's place of business or employment constitute commuting expenses and are, consequently, nondeductible personal expenses. See sec. 262(a); Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946); Feistman v. Commissioner, 63 T.C. 129, 134 (1974). We recognize that there is an exception to this general rule found in Rev. Rul. 99-7, 1999-1 C.B. 361, 361, which states: "A taxpayer * * * may deduct daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location outside the metropolitan area where the taxpayer lives and normally works." The revenue ruling defines a temporary work location as one that "is realistically expected to last (and does in fact last) for 1 year or less".

If only by implication, petitioners seem to suggest that Mr. Terry's assignment to the Lancaster Walmart allows him to be treated as "temporarily away from home" so as to allow for the deduction of travel expenses related to that assignment. See sec. 162(a)(2). There is no evidence in the record that shows his expectations as to the length of the assignment at the time it was made, however, and the assignment lasted for more than one year. That being so, he is not treated as being "temporarily away from home" for purposes of section 162 because the Lancaster Walmart was not a "temporary work location" under Rev. Rul. 99-7, supra. See sec. 162(a)(3). Accordingly, petitioners are not entitled to deductions for travel expenses (including meals and lodging) Mr. Terry incurred in connection with his assignment to the Lancaster Walmart.

Petitioners' are not entitled to the remaining unreimbursed employee business expense or "other" deductions claimed on their 2006 and 2007 returns because those deductions have been neither substantiated nor otherwise shown to be deductible.

C. Real Estate Loss

Petitioners claimed a loss deduction attributable to the rental property for each year in issue. In general, section 212 allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year for the management,

conservation, or maintenance of property held for the production of income. The specific expenses that give rise to the loss deduction for each year are contemplated by section 212 and do not seem to be in dispute.

Instead, according to respondent, the rental property loss incurred for each year is deductible only as allowable under section 469. In general, that section precludes a taxpayer from currently deducting a loss from a "passive activity", a term that is defined to include any rental activity regardless of the taxpayer's level of participation. Sec. 469(a), (c)(1), (2), (4).

There is an exception to this general rule for an individual described in section 469(c)(7) and sometimes referred to as a "real estate professional". An individual is described in section 469(c)(7) if, in addition to another requirement that need not be discussed here, the individual "performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer material participates." See sec. 469(c)(7)(B). Petitioner's rental property activity constitutes a "real property" trade or business within the meaning of section 469, see sec. 469(c)(6), and we assume, without finding, that petitioner materially participated in the rental property activity during each year in issue, see sec. 469(h). According to petitioners, petitioner has satisfied the 750-hour requirement for each of the years in issue, and the rental property loss deductions

are not subject to the limitation imposed by section 469. Respondent disagrees, and so do we.

Petitioner did not maintain any form of contemporaneous log in which she recorded the time spent in connection with the rental property. See sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988). Given that the deductions relate to a single property that remained vacant for large portions of each year in issue, petitioner's testimony, standing alone and cast mostly in generalized terms, is insufficient to establish that she spent more than 750 hours providing services in connection with the rental property. See Bailey v. Commissioner, T.C. Memo. 2001-296 ("[W]hile the regulations are somewhat ambivalent concerning the records to be maintained by taxpayers, they do not allow a postevent 'ballpark guesstimate.'"). It follows that petitioners are entitled to deductions for the losses attributable to the rental property only as allowable under section 469(i), and respondent's adjustments to that end are sustained.

D. Domestic Production Activities Deduction

Petitioners claim a $2,647 domestic production activities deduction on their 2006 Federal income tax return. At trial it appeared that petitioner conceded this deduction on petitioners' behalf. In any event, petitioners have provided no support for their entitlement to this deduction. Respondent's disallowance of the

domestic production activities deduction on their 2006 Federal income tax return is sustained.

II. Omitted Income

A. State Income Tax Refund

In 2006 petitioners received, but did not include in their 2006 income, a $2,891 State income tax refund for 2005.

As a general rule, gross income includes a refund of State income tax in the year received to the extent that the payment of such tax was claimed as a deduction in a prior taxable year which resulted in a reduction of Federal income tax. See sec. 111(a); Kadunc v. Commissioner, T.C. Memo. 1997-92.

Although petitioner at one time during the trial conceded the issue, she later argued that petitioners are not required to include the 2005 State income tax refund in their 2006 income because the deduction for State income taxes paid in 2005 did not result in a tax benefit for that year. As with other issues in this case, petitioners' position is insufficiently supported by the evidence. A copy of petitioners' 2005 Federal income tax return has not been provided, and petitioner's generalized testimony on the point is insufficient to satisfy petitioners' burden of proof. Accordingly, we find that the State income tax refund here in dispute is includable in petitioners' 2006 income as respondent determined.

B. Capital Gain

According to the notice, petitioners failed to report a $2,065 capital gain with respect to the sale of Walmart stock on December 12, 2007. See secs. 1001(a), (c), 1012. The adjustment made in the notice with respect to this item of income is attributable to the Walmart stock sale; however, the adjustment takes into account only the sale proceeds. Taking petitioners' basis in the Walmart stock into account reduces their gain to $63.

III. Section 6651(a) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for the failure timely to file a Federal income tax return. Respondent bears the burden of production with respect to the imposition of the addition to tax. See sec. 7491(c). Respondent's records show that petitioners' 2006 return was received and filed on June 15, 2007, a date not in dispute by petitioners and beyond the date set by section 6072(a). According to respondent, the due date for the filing of petitioners' 2006 return was not extended. That being so, according to respondent, petitioners' 2006 return was not timely filed and they are liable for a section 6651(a)(1) addition to tax.

According to petitioners, their 2006 return was timely filed because the due date for the filing of the return was extended until August 15, 2007, pursuant to

their timely, electronic submission of a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return. To be effective, a request for an automatic extension to file a Federal income tax return must be filed on or before the date prescribed for filing the return. Raskin v. Commissioner, T.C. Memo. 1981-153, aff'd without published opinion, 685 F.2d 436 (8th Cir. 1982); sec. 1.6081-4(a)(3), Income Tax Regs.

The instructions shown on a Form 4868 intended to be electronically submitted state: "You will receive an electronic acknowledgment once you complete the transaction." At trial petitioner readily admitted that petitioners never received the acknowledgment contemplated by those instructions. The failure to receive the acknowledgment should have put petitioners on notice that there was some problem in the submission of the Form 4868 and, more importantly, that the form was not received by respondent. The failure to have received an acknowledgment for the Form 4868 petitioners claim to have submitted undermines their claim that they reasonably believed that the filing date for their 2006 return had been extended. It follows that they are liable for a section 6651(a)(1) addition to tax.

IV. <u>Section 6662(a) Accuracy-Related Penalty</u>

Lastly, we consider whether petitioners are liable for a section 6662(a) accuracy-related penalty for either year in issue.

Section 6662(a) imposes a 20% accuracy-related penalty on the portion of "an underpayment of tax required to be shown on a return" if the underpayment is due to negligence or to one or more of the other reasons listed in section 6662(b). As with the section 6651(a)(1) addition to tax previously discussed, respondent bears the burden of production with respect to the imposition of a section 6662(a) accuracy-related penalty. <u>See</u> sec. 7491(c). The section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment as to which there was reasonable cause and the taxpayer acted in good faith. Sec. 6664(c)(1); sec. 1.6664-4(b)(1), Income Tax Regs.

A taxpayer's failure to maintain sufficient records to support the allowance of deductions claimed on the taxpayer's Federal income tax return is a sufficient ground for the imposition of a section 6662(a) accuracy-related penalty upon the ground of negligence. <u>See</u> <u>Sanderlin v. Commissioner</u>, T.C. Memo. 2008-209; <u>Corrigan v. Commissioner</u>, T.C. Memo. 2005-119; sec. 1.6662-3(b)(1), Income Tax Regs. For each year in issue, petitioners claimed but failed to substantiate deductions for: (1) medical and dental expenses and (2) "other" expenses, some of

which went completely unexplained. They also failed to substantiate, or otherwise explain, the disallowed deduction for "domestic production activities" claimed on their 2006 return. No explanation was given for their failure to include in their 2007 income the proper amount of the capital gain from the Walmart stock sale, and to the extent explained, no reasonable explanation was given for their failure to include the 2005 State income tax refund in the income reported on their 2006 return. They are liable for a section 6662(a) accuracy-related penalty on the portion of the underpayments of tax attributable to these items.

On the other hand, the resolutions of petitioners' entitlement to the deductions claimed for the rental losses and unreimbursed employee business expenses are based more on technical grounds rather than their failure to explain or substantiate those deductions. We find that there was reasonable cause for those portions of the underpayments and petitioners acted in good faith, so they are not liable for a section 6662(a) accuracy-related penalty on the portion of the underpayment of tax attributable to those deductions for either year in issue.

To reflect the foregoing,

An appropriate order of dismissal and decision under Rule 155 will be entered.